UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAIZAH P. SIDDIQUE, | CIVIL COMPLAINT |
|   Plaintiff, | |
| v. | CASE NO. 1:22-cv-07198 |
| 2740 HIGHLAND LLC d/b/a APEX 41 LLC and I.Q. DATA INTERNATIONAL, INC., | DEMAND FOR JURY TRIAL |
|   Defendants. | |

## COMPLAINT

NOW comes FAIZAH P. SIDDIQUE ("Plaintiff"), by and through the undersigned, complaining as to the conduct of 2740 HIGHLAND LLC d/b/a APEX 41 LLC ("Apex") and I.Q. DATA INTERNATIONAL, INC. ("IQ" and collectively "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692e *et seq.* and under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 *et seq.*, stemming from Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to these claims occurred within the Northern District of Illinois.

4. Joinder of Plaintiff's claims against Defendants is proper, pursuant to Fed. R. Civ. P. 20(a)(2), as the conduct arises out of the same transaction, occurrence, or series of transactions and occurrences, and common questions of law and fact will arise.

## PARTIES

5. Plaintiff is a consumer over 18 years-of-age, residing in Elmhurst, Illinois, within the Northern District of Illinois.

6. IQ is a third-party debt collector "serving the collection needs of businesses"[1] and collecting, directly or indirectly, debts owed or due, or asserted to be owed or due, to others, from consumers across the country, including those in the state of Illinois. IQ is a corporation organized and existing under the laws of the state of Washington with its principal place of business located at 21222 30th Drive SE, Suite 120, Bothell, Washington 98021.

7. Apex is a residential community located in Lombard, Illinois. Apex is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business located at 1111 E. Touhy, Suite 230, Des Plaines, Illinois 60018.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

---

[1] https://www.iqdata-inc.com/about-us

9. The instant action stems from Defendants' attempts to collect upon a residential debt ("subject consumer debt") from Plaintiff, which Plaintiff did not owe.

10. Prior to the actions giving rise to the claims herein, Plaintiff and her husband leased an apartment ("apartment") at Apex, which started on or around November 6, 2019. This initial lease was to last until or about May 5, 2020.

11. Subsequently, Plaintiff entered into a month-to-month lease with Greystar Worldwide, LLC ("Greystar"), then the property manager for Apex, so that Plaintiff would retain and continue to stay at her apartment. Plaintiff's month-to-month lease was conditioned on giving Apex 30 days advanced notice of termination.

12. On or about September 26, 2020, Plaintiff gave such notice to Greystar, communicating that she would be vacating the apartment on or before October 28, 2020. Greystar and Plaintiff exchanged emails detailing the agreed-upon move-out date and any outstanding monies due.

13. On or about September 30, 2020, Plaintiff paid all agreed-upon monies owed to Apex.

14. On or about October 26, 2020, Apex changed its property manager from Greystar to AMS Central-Illinois LLC ("Pinnacle"). Based on information and belief, Apex lost files on Plaintiff when it switched management companies.

15. Upon information and belief, Apex subsequently, and incorrectly, sent Plaintiff's account to IQ to collect or attempt to collect the subject consumer debt from Plaintiff.

16. During February of 2021, prior to contacting Plaintiff, IQ began reporting the subject consumer debt as delinquent on Plaintiff's credit report.

17. On or about January 28, 2022, IQ sent a letter to Plaintiff, seeking to collect upon the subject consumer debt.

18. On or about February 19, 2022, Plaintiff explained, in written correspondence, much of the circumstances surrounding her moving out of Apex, including the agreement between Apex and Plaintiff, and further, Plaintiff disputed the subject consumer debt. Included in her dispute, Plaintiff included all of her final invoices from Apex as well as proof of payments reflecting that her account was paid in full, prior to her vacating the apartment as agreed.

19. Moreover, on numerous occasions after, Plaintiff contacted Apex, Greystar, Pinnacle, and IQ in an attempt to fix the incorrect reporting of the subject consumer debt on her credit report, but to no avail.

20. During a phone call with Plaintiff, IQ falsely communicated to Plaintiff that she had not given a 30-day notice to vacate the apartment.

21. Based on information and belief, IQ sent Plaintiff a 30-day validation notice as required under 15 U.S.C. § 1692g.

22. Further, during a phone call with IQ, Plaintiff requested verification of the subject consumer debt and IQ ultimately refused to provide such.

23. As of November of 2022, IQ was still incorrectly reporting the subject consumer debt on Plaintiff's credit report despite having disputed the same and having explained to all parties involved, including Apex and IQ, how exactly she had paid all money owed to Apex, as agreed upon.

24. Frustrated over Defendants' conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, money, and resources.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

26. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to invasion of privacy, aggravation that accompanies unwanted collection tactics,

emotional distress, aggravation stemming from being contacted in connection with a debt for which she did not owe, decreased credit opportunity, decreased credit worthiness, and numerous violations of her state and federally-protected interests to be free from harassing, abusive, unfair, and deceptive debt collection conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
*PLAINTIFF AGAINST IQ*

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

29. IQ is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. IQ identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

31. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

 a. **Violations of FDCPA § 1692d *et seq.***

32. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

33. IQ violated 15 U.S.C. § 1692d by falsely reporting the subject consumer debt on Plaintiff's credit report in an effort to harass Plaintiff into making payment on the same.

 b. **Violations of FDCPA § 1692e**

34. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

36. IQ violated §§ 1692e and 1692e(10) when it deceptively and incorrectly reported the subject consumer debt on Plaintiff's credit profile.

37. Further, IQ violated §§ 1692e and 1692e(10) by refusing to verify the subject consumer debt after Plaintiff had requested such.

38. Moreover, IQ violated §§ 1692e an d1992e(10) when it deceptively stated no 30-day notice had been given to Apex when it had.

### c. Violations of FDCPA § 1692f

39. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. IQ violated § 1692f when it unfairly and unconscionably attempted to collect upon the subject consumer debt by falsely reporting the same on Plaintiff's credit profile.

41. Further, IQ violated § 1692f when it unfairly and unconscionably attempted to collect upon the subject consumer debt despite being clearly informed that Plaintiff did not owe such.

### d. Violations of the FDCPA § 1692g

42. The FDCPA, pursuant to 15 U.S.C. § 1692g(a), provides the extent of written information and disclosures that debt collectors are required to provide to consumers within five days of first communicating with such consumers. Further, § 1692g(b) requires debt collectors to cease collection efforts until the subject debt is verified.

43. IQ violated § 1692g(a) through their complete failure to provide Claimant the requisite disclosures and information despite the requirement to do so.

44. Moreover, IQ violated § 1692g(b) by continuing to falsely report the subject consumer debt on Plaintiff's credit report without having verified the subject consumer debt.

  e. **Violation of 12 C.F.R. § 1006.30**

45. The FDCPA, pursuant to 12 C.F.R. § 1006.30, prohibits a debt collector from furnishing, to a consumer reporting agency, information about a debt before the debt collector "speaks to the consumer about the debt in person or by telephone" or "places a letter in the mail or sends an electronic message to the consumer about the debt and waits a reasonable period of time to receive a notice of undeliverability."

46. Defendant violated § 1006.30 by reporting the subject consumer debt to a consumer reporting agency without speaking to Plaintiff or sending her any mail or electronic correspondence and waiting a reasonable amount of time to receive a notice of undeliverability.

WHEREFORE, Plaintiff, FAIZAH P. SIDDIQUE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

**COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
*PLAINTIFF AGAINST DEFENDANTS*

47. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

48. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

49. Defendants' services constitute "merchandise" as defined by 815 ILCS 505/1(b).

50. At all relevant times, Defendants were engaged in "trade" and "commerce" as defined by 815 ILCS 505/1(f).

51. Apex is both directly liable for its conduct in relation to the subject consumer debt and vicariously liable for the violations of law ungagged in by its agent, IQ, given the existence of a principal-agent relationship between the parties.

52. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

53. Defendants violated 815 ILCS 505/2 through the unfair and deceptive nature of its conduct in relation to Plaintiff and the subject consumer debt. It was unfair for Defendants to harass Plaintiff with false credit reporting and further, for refusing to address the problem despite multiple such attempts from Plaintiff. Also, the same was violated by IQ when refusing to verify the subject consumer debt after Plaintiff had requested such.

54. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendants.

55. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

56. Plaintiffs have suffered significant actual damages resulting from Defendants' unlawful practices, including out of pocket expenses, loss of significant time, decreased credit opportunity and worthiness, and emotional pain and suffering.

57. An award of punitive damages is appropriate because Defendants' conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendants' complete lack of regard for Plaintiff supports an award for such damages. Defendants' conduct must be deterred and an award of punitive damages is appropriate under the circumstances.

WHEREFORE, Plaintiff, FAIZAH P. SIDDIQUE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages in an amount to be determined at trial as provided under 815 ILCS 505/10a(a);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 815 ILCS 505/10a(c);

d. Enjoining Defendants from further violations of law; and

e. Awarding Plaintiff any other relief as this Honorable Court deems just and appropriate.

Dated: December 22, 2022 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　s/ Nathan C. Volheim
　　　　　　　　　　　　　　　　　　　　　　Nathan C. Volheim, Esq. #6302103
　　　　　　　　　　　　　　　　　　　　　　Counsel for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　Admitted in the Northern District of Illinois
　　　　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd.

2500 South Highland Ave., Suite 200<br>
Lombard, Illinois 60148<br>
(630) 568-3056 (phone)<br>
(630) 575-8188 (fax)<br>
nvolheim@sulaimanlaw.com